```
             UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA
                  Alexandria Virginia


NIKE, INC.,                       )
                                  )
     Plaintiff,                   )
                                  )
     v.                           )   Civil Action No. 1:10cv90
                                  )
NIKE PIONEER.COM, et al.,         )
                                  )
     Defendants.                  )
```

REPORT AND RECOMMENDATION

This matter came before the Court pursuant to plaintiff's Motion for Default Judgment. (Dkt. 67). After no representative for the defendant domain names plead, responded to plaintiff's Motion, or appeared at the hearing on plaintiff's Motion for Default Judgment, the Court took plaintiff's Motion under advisement.

I. INTRODUCTION

On, January 28, 2010, plaintiff Nike, Inc. ("plaintiff") filed a Complaint against sixty-six domain names (hereinafter "defendant domain names")[1] seeking injunctive relief under the

---

[1] Defendants include: CheapNikeJordans.com, NikeCrazy.com, NikeStockCN.com, NikeObama.com, Nike-Brand.com, NikeCheap.com, NikeShoesVogue.com, NikeShoes86.com, NikeJordan-Shoes.com, CheapNikeSneaker.com, Whole-Nike.com, WholeNikeAAA.com, NikeSC.com, WellNike.com, CheapNikeOutlet.com, NikeFactory.com, CheapNikeDunks.com, NikeShoes98.com, BBNike.com, CNNikeBrand.com, NikeLives.com, NikeShoesCity.com, NikeConfluence.com, NikeWon.com, NikeShoesWon.com, NikeQS.com, NikeShoeMarket.com, NikeSellWeb.com, CheapNikeShop.com, NikeSellOrder.com,

AntiCybersquatting Protection Act, 15 U.S.C. § 1125(d)(2) ("ACPA").

Plaintiff has moved for default judgment and requests the Court enter a permanent injunction directing that ownership of the Domain Name be transferred to plaintiff. (Mem. in Supp. of Default J., Dkt. 67.)

### A. Jurisdiction and Venue

This Court has *in rem* jurisdiction over defendant domain names pursuant to 15 U.S.C. § 1125(d)(2)(C)(I) because the domain name registry for the defendant domain names is located in the judicial district[2] (Compl. ¶ 2; Mem. in Supp. Of Default J., Dkt. 67 at 4. ) This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under a federal law. (Id. ¶ 1.)

Venue is appropriate in this District under 28 U.S.C. §§ 1391(b)(2) and 15 U.S.C. § 1125(d)(2)(A) and (c). (Id. ¶ 3.)

---

NikePioneer.com, NikeShoesMarket.com, NikeShoesRetro.com, NikeShoesBase.com, KicksNike1.com, iNikeSneakers.com, GoldNikeClub.com, NikeItaly.com, NikeLink.com, Nike-Rift.com, NikeJordanSky.com, BuyNikeJordan.com, LuckyNike.com, NikeSpaces.com, VeryGoodNike.com, Discount-Nike.com, NikeStyles.com, NikeShoxSale.com, NikeWholesaleShoes.com, Air-Nike-Shoes.com, NewNikeShoes.com, Nike-AAA.com, NikeShoesInc.com, NikeFirm.com, NikeInStock.com, INeedNikeShoes.com, SoleNike.com, Nike-Kickz.com, NikeKick.com, Cheap-Nike.com, NikeShopOnline.com, KidsNikeShoes.com, NikeSelling.com, NikeRift.com, 688Nike.com, CheapNikeJordan.com

[2]The domain name registry for each of the defendant domain names is VeriSign, Inc., 21345 Ridgetop Circle, Dulles, VA 20166.

### B. Service of Process

The ACPA allows the owner of a mark to file an *in rem* civil action against a domain name and instructs plaintiffs how to provide sufficient notice of such an action.[3] On March 3, 2010 plaintiff filed a Motion for Order Authorizing Service of Process by Email. (Dkt. No. 2.) On March 18, 2010, this Court entered an Order Authorizing Service of Process by Email (Dkt. 5). On or

---

[3] 15 U.S.C. § 1125(d)(2) provides, in pertinent part:

(A) The owner of a mark may file an in rem civil action against a domain name ... if

    (i) the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under subsection (a) or (c) of this section; and

    (ii) the court finds that the owner –

        (I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or

        (II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by –

            (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided the registrant to the registrar; and

            (bb) publishing notice of the action as the court may direct promptly after filing the action.

(B) The actions under subparagraph (A)(ii) shall constitute service of process.
15 U.S.C. § 1125(d)(2)(A)-(B).

about April 5, 2010, plaintiff through counsel served valid process upon defendant domain names by email. (Affidavit of Nicole Drey ¶ 5.) Accordingly, service of process is deemed complete pursuant to 15 U.S.C. § 1125(d)(2)(B).

**C. Grounds for Entry of Default**

To date, no party with an interest in any of the defendant domain names has appeared or otherwise participated in the proceedings. (Mot. for Default J. at 1.)

The Clerk entered default against the defendant domain names on June 25, 2010. (Dkt. No. 65.) Plaintiff filed its Motion for Default Judgment on July 22, 2010 (Dkt. No. 67.) and a hearing was held before a Magistrate Judge on July 30, 2010. When no representative for the defendant domain names appeared at the hearing on plaintiff's Motion, the Court took the Motion under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that plaintiff has established the following facts.[4]

Plaintiff, an Oregon corporation, is the owner of the trademark at issue. (Compl. ¶¶ 60-62). Plaintiff is engaged in the manufacture, design, and sale of athletic footwear,

---

[4] The pleadings include the Complaint (Dkt. No. 1), plaintiff's Motion for Default Judgment ("Mot. for Default J.") (Dkt. No. 67), and the memorandum submitted in support thereof (Dkt. No. 67-1).

appearal, equipment and related accessories bearing the "NIKE", "Swoosh Design", "Nike Air", or "Just Do It" trademarks (hereinafter "Nike Trademarks").  (Compl. ¶¶ 60, 62.)

Plaintiff has offered its goods under the "NIKE" mark since at least November 1982, and it continues to offer such goods under the Nike Trademarks.  (Compl. ¶ 60.)  Plaintiff sells in excess of $13 billion a year in merchandise, via an online store located at the domain name <nike.com> and other channels. (Compl. ¶¶ 60, 62.)  As a result of plaintiff's substantial efforts and extensive sales, the Nike Trademarks are distinctive and widely popular. (Compl. ¶62.)

The sixty-six defendant domain names each contain a variation of a Nike Trademark, and are thus confusingly similar to them.  (Compl. ¶ 64.)  Subsequent to registration, the defendant domain names have been used to host commercial websites that offer counterfeit footwear bearing unauthorized Nike Trademarks.  (Compl. ¶ 65.) The defendant domain names have been and are being used with the bad faith intent to profit from the Nike Trademarks and reputation. (Comp. ¶70).

### III. <u>EVALUATION OF PLAINTIFF'S COMPLAINT</u>

Plaintiff contends that the unauthorized registration and continued use of defendant domain names violates 15 U.S.C. § 1125(d), which protects the owners of U.S. trademarks and prohibits the registration of Internet domain names that are

confusingly similar to any trademark or dilutive of any famous trademark. (Compl. ¶¶69,70.)

Plaintiff asserts that it has suffered, and continues to suffer, irreparable harm to its reputation and goodwill as a result of the registration and ongoing use of the defendant domain names and, thus, seeks a permanent injunction transferring ownership of the Domain Names to plaintiff. (Id. ¶¶ 5, 73.)

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate plaintiff's claims against the standards of Fed. R. Civ. P. 12(b)(6).

Pursuant to the Lanham Act, "[t]he owner of a mark may file an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if (1) the domain name violates any right of the owner of a mark . . . protected under subsection [1125](a) or [1125](c)." 15 U.S.C. § 1125(d)(2)(A).

Plaintiff alleges that the defendant domain names are confusingly similar to plaintiff's Nike Trademarks and have been registered with the bad faith intent of profiting unlawfully therefrom. (Compl. ¶ 70.) According to plaintiff, such registration and use of the defendant domain names violates 15 U.S.C. § 1125(d).

In an *in rem* action, the remedies are limited to forfeiture, cancellation or transfer of the domain names to the owner of the mark. 15 U.S.C. § 1125(d)(2)(D). Pursuant to 15 U.S.C. §1125(d)(2)(A)(i), in order to be entitled to the relief, plaintiff need only prove a violation of either Section 1125(a) or 1125(c). Section 1125(a) reads as follows:

> (a) Civil action
>
> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>>
>> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).[5]

The undersigned finds plaintiff has sufficiently demonstrated that the defendant domain names violate Section 1125(a). Indeed, it is clear that the defendant domain names are being used in a way that is likely to cause confusion or mistake. Internet users looking for plaintiff's site who come across the defendant domain names are likely to be deceived into believing that there is an affiliation, connection, or association between the domain name and plaintiff's goods and services. Moreover, such confusion has already caused damage to plaintiff and will continue to do so.

Defendant domain names are continuing to be used to market counterfeit goods bearing plaintiff's Nike Trademarks. (Compl. ¶ 64.) The minimal differences between the defendant domain names' sites and plaintiff's site merely serves to further deceive customers and harm plaintiff.

Because plaintiff has sufficiently demonstrated that the registration and use of the defendant domain names violates 15 U.S.C. § 1125(a), plaintiff is entitled to the requested relief

---

[5] Additionally, 15 U.S.C. § 1125(c)(1) further provides that "the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences uses of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury." 15 U.S.C. § 1125(c)(1).

of the transfer of ownership of defendant domain names. Accordingly, the Court need not address the requirements of Section 1125(c).

## IV. RECOMMENDATION

For the reasons outlined above, the undersigned Magistrate Judge recommends that default judgment be entered in favor of plaintiff with respect to defendant domain names for violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(a).

Under 15 U.S.C. § 1125(d)(2)(D), plaintiff's remedies include forfeiture, cancellation, or transfer of the domain name to the owner of the mark. Plaintiff asks that VeriSign, Inc., as the operator of the registry of the defendant domain names be directed to transfer the names from the current registrar to a domain registrar of plaintiff's selection, and that such selected registrar shall thereafter register the defendant domain names in the name of plaintiff and provide plaintiff with full control of the domain names. The undersigned recommends that such relief be granted.

## V. NOTICE

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. A failure to object to this

Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

/s/  
THERESA CARROLL BUCHANAN  
UNITED STATES MAGISTRATE JUDGE

September 28 , 2010
Alexandria, Virginia